**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER** | ) | |
| **OF THE COMPLAINT** | ) | |
| | ) | |
| **OF** | ) | **CIV. ACT. NO.: 1:21-cv-00006-TFM-N** |
| | ) | |
| **MITCHELL G. LATTOF, JR.,** | ) | **IN ADMIRALTY** |
| **Owner of the Motor Vessel** | ) | |
| **SALTY DOG, Hull Identification** | ) | |
| **Number OIS38119I506, for** | ) | |
| **exoneration from or limitation of** | ) | |
| **liability.** | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT OF EXONERATION**

Pending before the Court is Petitioner's Rule 55 *Motion for Entry of Final Default Judgment of Exoneration* (Doc. 14) against all non-filing parties.  The Court finds that the motion is due to be **GRANTED** for the reasons articulated below.

## I. Factual Background

On January 4, 2021, Petitioner Mitchell G. Lattof, as owner of the 38' fiberglass motor vessel "SALTY DOG," bearing Hull Identification Number OIS38119I506 (the "SALTY DOG") filed his Verified Complaint (Doc. 1; PageID 1-6), an *Ad Interim* Stipulation (Doc. 1-1; PageID 7-12), and a Declaration Concerning Value (Doc. 1-2; PageID 13), pursuant to 46 U.S.C. §§ 30501-30512 and in compliance with Fed. R. Civ. P. 9(h) and Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Petitioner claims the right to exoneration from or limitation of liability for all claims that arose out of the breakaway of the SALTY DOG during Hurricane Sally on September 16, 2020.  The circumstances of which are more fully detailed in the Verified Complaint (Doc. 1; PageID 1-6).  Contemporaneous with the complaint, Petitioner

filed a Letter of Undertaking as security for value and costs pursuant to Supplemental Rule F(1). (Doc. 1-1, PageID 11-12).

On February 1, 2021, the Court entered its Order granting interim relief, in which the Court approved Petitioner's Letter of Undertaking, directed notice to be published in *The Press Register* pursuant to Supplemental Rule F, directed copies of the notice to be mailed to known claimants, and stayed all actions or proceedings that arose as a result of the breakaway of the SALTY DOG during Hurricane Sally until the limitation action is determined. (Doc. 4, PageID 26-32). By the terms of the notice, claimants had until April 7, 2021, to file their claims with the Clerk of Court and serve on counsel for Petitioner a copy thereof, otherwise their claim would be defaulted. (*Id.*).

On March 8, 2021, Petitioner filed its Notice of Publication, wherein he disclosed that he published the notice in *The Press Register* during a four-week period, on February 7, 2021, February 14, 2021, February 21, 2021, and February 28, 2021. (Doc. 6; PageID 38-40). In addition to the aforesaid legal notice and in compliance with Supplemental Admiralty Rule F(4), Petitioner informed the known potential claimants of the pending limitation proceeding by mailing a copy of the notice and this Court's order by certified mail. Petitioner filed a Notice of Mailing on February 22, 2021. (Doc. 5; PageID 33-37).

The deadline for receipt of Claims and Answers has expired. No Answer or Claim was filed prior to the expiration of the deadline. Petitioner moved for Entry of Default against all non-filing/appearing parties on May 7, 2021. (Doc. 7; PageID 41-42). On September 24, 2021, per Fed. R. Civ. P. Rule 55(a), the Clerk entered a default against all non-filing parties. (Doc. 13, Page ID 54).

Petitioner moves for entry of final default judgment as to all non-filing/appearing parties.

## II. Discussion and Analysis

As summarized in the *Matter of Freedom Marine Sales LLC*, Civ. Act. No. 8:19-cv-00939-T-30SPF, 2019 WL 3848875, *1-2, 2019 U.S. Dist. LEXIS 138275, * 1- 6 (M.D. Fla. Jul 31, 2019) (entering default judgment against parties who failed to respond, answer or appear):

> In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):
>
> > [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.
>
> Fed. R. Civ. P. Supp. F(4).  Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided ..." Fed. R. Civ. P. Supp. F(5).  "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*
>
> In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the limitation proceeding ... the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for

exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks.... as required by Supplemental Rule F(4)..... Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules.

The Court's Order and Notice of Monition expressly and clearly stated.... the deadline for filing a claim..... and that a consequence of failing to file a timely claim was default.... The deadline mandated by the Court for filing claims has expired.....

Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

*Id.*

Thus, entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations. *Id. See, e.g.*, *Matter of Heningburg*, Civ. Act. No. 1:19-00341-KD-N, 2019 WL 5431319, *1, 2019 U.S. Dist. LEXIS 183074, * 1 (S.D. Ala. Oct. 22, 2019); *In re: In the Matter of the Complaint of Shawna Raye, LLC*, Civ. Act. No. 2:15-cv-770-FtM-99CM, 2016 WL 3579018, *1, 2016 U.S. Dist. LEXIS 83734, *1 (M.D. Fla. May 9, 2016), *report and recommendation adopted* 2016 WL 3525001, *1, 2016 U.S. Dist. LEXIS 83732, *1 (M.D. Fla. Jun. 28, 2016); *In re: Ruth*, Civ. Act. No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, *1, 2016 U.S. Dist. LEXIS 120768, *1 (M.D. Fla. Aug. 23, 2016) *report and recommendation adopted* 2016 WL 4667385, *1, 2016 U.S. LEXIS 120549, *1 (M.D. Fla. Sept. 7, 2016); *In re Petition of Holliday*, Civ. Act. No. 6:14-cv-1709-ORL-28DAB, 2015 WL 3404469, *1, 2015 U.S. Dist. LEXIS 67856, *1; *In the Matter of Reef Innovations, Inc.*, Civ. Act. No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, *2, 2012 U.S. Dist. LEXIS 7474, *2

(M.D. Fla. Jan. 6, 2012); *In the Matter of X–Treme Parasail, Inc.*, Civ. Act. No. 10-00711 SOM/BMK, 2011 WL 4572448, *1, 2011 U.S. Dist. LEXIS 116739, *1 (D. Haw. Sept. 12, 2011).

Petitioner has complied with the publication notice requirements per Supplemental Rule F(4). (Doc. 5; PageID 33-37; Doc. 6; Page ID 38-40). The Court's Order (Doc. 4; PageID 26-32) and Publication Notice (Doc. 6; Page ID 38-40) identify the consequences for failure to file claims within the time ordered, including potential default. Such notice by publication (and mail) satisfies due process as to any potential claimants. The time for filing any claims against the Petitioners has expired. Entry of default judgment is proper when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the subject of this case had to file a claim by April 7, 2021. The deadline to file a claim has passed. Thus, those parties that have already been found to be in default are now properly subject to entry of a default judgment.

## III. CONCLUSION

Accordingly, it is **ORDERED** that the Petitioner's motion for entry of final default judgment against all non-filing/appearing parties (Doc. 14) is **GRANTED** such that **DEFAULT JUDGMENT** shall be entered in favor of Petitioner and against all non-filing/appearing parties (parties that have not answered or filed claims) with regard to this case (for any injuries, death, damages, or losses of whatever description arising from the breakaway of the SALTY DOG on September 16, 2020.

As there are no additional matters to resolve, the Court will enter a judgment by separate order in accordance with Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 2nd day of December 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE